UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| VANESSA ALAMILLO, an individual, and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SUNRISE SENIOR LIVING MANAGEMENT, INC., a Virginia corporation; SUNRISE SENIOR LIVING, LLC, a Delaware limited liability company; SUNRISE SENIOR LIVING DEVELOPMENT, INC., a Virginia corporation; SUNRISE SENIOR LIVING SERVICES, INC., a Delaware corporation; and DOES 1 through 10, inclusive,,<br><br>Defendants. | No. 2:26-cv-3274 WBS CKD<br><br><u>ORDER</u> |

----oo0oo----

Plaintiff moves to remand this putative class action to the Superior Court of the State of California, County of Sacramento. (Mot. to Remand (Docket No. 13).) Plaintiff alleges

ten wage and hour violations under California law against defendant Sunrise Senior Living Management, Inc., and its affiliated entities ("Sunrise"). (Compl. (Docket No. 1-1).) After initially removing to the wrong venue on September 14, 2026 -- the Northern District of California -- Sunrise removed to this court the following day (September 15), grounding jurisdiction and removal on the Class Action Fairness Act, 28 U.S.C. §§ 1332(d), 1453(b). (Notice of Removal at 2 (Docket No. 1).)

Sunrise's notice asserted that removal was timely under 28 U.S.C. § 1446(b) because it was "filed within [30 days] after service of the [s]ummons and [c]omplaint." Id. Sunrise now concedes that it miscounted; it actually filed its removal notice 31 days after the August 13 service. (Opp'n at 6-7 (Docket No. 16).) Plaintiff moves to remand on that basis. (Mot. at 1.)

However, plaintiff's remand motion is not apt for adjudication before this court. Sunrise removed to the Northern District and the action remains pending in that jurisdiction; it has not been remanded, dismissed, nor transferred. See Dkt., Alamillo v. Sunrise Senior Living Development, Inc. et al, No. 3:26-cv-10359 (N.D. Cal.). Interpreting § 1446(d), the Ninth Circuit has held that "[p]romptly after the filing of [a] notice of removal[,] the defendant . . . shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal . . . At that point, the case is removed and the State court shall proceed no further unless and until the case is remanded." Blumberger v. Tilley, 115 F.4th 1113, 1124-25 (9th

Cir. 2024), cert. denied, 145 S. Ct. 2818 (2025). "A procedural defect may affect the federal court's subsequent decision to remand, but it does not change the fact that satisfying the notice requirements removes the case in the first place." Id.

Here, Sunrise complied with the § 1446(d) requirements in its Northern District notice, effectuating removal in that jurisdiction. (See Northern District Notice of Removal ¶ 37 (Docket No. 13-2); Dkt., Alamillo v. Sunrise Senior Living Development, Inc. et al, No. 3:26-cv-10359.) Because Sunrise's first notice stripped the state court of jurisdiction, there was no state court action to remove when it filed its second notice before this court. (See Notice of Removal.) The notice before this court thus attempts to remove a case which has already been removed from state court and is pending in the Northern District. Id. "The idea of filing a notice of removal in a case that is already pending in federal court, having been properly removed, is nonsensical." Williams v. Costco Wholesale Corp., 471 F.3d 975, 977 (9th Cir. 2006).

The court is not persuaded by plaintiff's arguments that the minute orders in the Northern District case noting that the removal was filed in the wrong district and declining defendant's application for refund of the filing fee somehow constituted a termination of the action in the Northern District. Indeed, in the Declaration of Hazel Poie ¶ 11-12, defendant's counsel stated that the rejected refund application "does not state that the action was judicially remanded or dismissed." The Northern District docket's electronic filing error message does

not constitute judicial remand or dismissal. The action remains pending before the Northern District.

For the foregoing reasons, Sunrise's notice of removal before this court is without legal effect. The court expresses no opinion and makes no finding as to whether Sunrise may properly seek a transfer to this court of its filing pending in the Northern District, and this Order is entered without prejudice to Sunrise's ability to seek such relief.

Accordingly, IT IS HEREBY ORDERED that:

1. The Notice of Removal (Docket No. 1) filed September 15, 2026, is STRICKEN;
2. Plaintiff's Motion to Remand (Docket No. 13) is DENIED as moot;
3. The Clerk shall close the file.

Dated: November 23, 2026

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE